UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 11-57408

**SMALL PLATES DETROIT, LLC**  In Proceedings Under
Chapter 11
Debtor
_____/  Hon. Thomas J. Tucker

## DEBTOR'S COVER SHEET FOR FIRST DAY MOTION TO USE
## CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

The above-captioned debtor (the "Debtor"), by its proposed counsel, Schafer and Weiner PLLC, hereby filed its Motion for Entry of an Interim Order and Final Order Authorizing Use of Cash Collateral and Providing Adequate Protection [filed June 23, 2011] (the "Motion"), and in accordance with LBR 4001-2(b) (E.D.M.), have identified below, by page and paragraph number, the location in the proposed order accompanying the motion of each of the following provisions:

| PROVISION | CONTAINED IN PROPOSED ORDER | LOCATION IN PROPOSED ORDER |
|---|---|---|
| (1) Provisions that grant liens on the estate's claims and causes of action arising under Chapter 5 of the Code. | ☐ Yes<br>☒ No | Page ___, ¶ ___ |
| (2) Provisions that grant cross-collateralization protection to the prepetition secured creditor (i.e., clauses that secure prepetition debt with categories of collateral that were not covered by the secured party's lien prepetition) other than liens granted solely as adequate protection against diminution in value of a prepetition creditor's collateral. | ☐ Yes<br>☒ No | Page ___, ¶ ___ |

{00314286.1}  1

| PROVISION | CONTAINED IN PROPOSED ORDER | LOCATION IN PROPOSED ORDER |
|---|---|---|
| (3) Provisions that establish a procedure or conditions for relief from the automatic stay. | ☐ Yes<br>☒ No | Page ___, ¶ ___ |
| (4) Provisions regarding the validity or perfection of a secured creditor's prepetition liens or that release claims against a secured creditor. | ☐ Yes<br>☒ No | Page ___, ¶ ___ |
| (5) Provisions that prime any lien without that lienholder's consent. | ☐ Yes<br>☒ No | Page ___, ¶ ___ |
| (6) Provisions that relate to a sale of substantially all of the debtor's assets. | ☐ Yes<br>☒ No | Page ___, ¶ ___ |
| (7) Provisions for the payment of professional fees of the debtor or any committees, including any carve-outs for such payments. | ☐ Yes<br>☒ No | Page ___, ¶ ___ |
| (8) Provisions for the payment of prepetition debt. | ☐ Yes<br>☒ No | Page ___, ¶ ___ |
| (9) Provisions that waive the debtor's exclusive right to file or solicit acceptances of a plan during the time periods specified in 11 U.S.C. § 1121. | ☐ Yes<br>☒ No | Page ___, ¶ ___ |
| (10) Provisions that require the debtor's plan to be on terms acceptable to the secured creditor. | ☐ Yes<br>☒ No | Page ___, ¶ ___ |
| (11) Provisions that require or prohibit specific terms in the debtor's plan. | ☐ Yes<br>☒ No | Page ___, ¶ ___ |

| PROVISION | CONTAINED IN PROPOSED ORDER | LOCATION IN PROPOSED ORDER |
|---|---|---|
| (12) Provisions establishing that proposing a plan inconsistent with the order constitutes a default. | ☐ Yes<br>☒ No | Page __, ¶ __ |
| (13) Provisions that waive surcharge under 11 U.S.C. § 506(c). | ☐ Yes<br>☒ No | Page __, ¶ __ |
| (14) Provisions that address the rights and obligations of guarantors or co-obligors. | ☐ Yes<br>☒ No | Page __, ¶ __ |
| (15) Provisions that prohibit the debtor from seeking approval to use cash collateral without the secured creditor's consent. | ☐ Yes<br>☒ No | Page __, ¶ __ |
| (16) Provisions that purport to bind a subsequent trustee. | ☐ Yes<br>☒ No | Page __, ¶ __ |
| (17) Provisions that obligate the debtor to pay any of a secured creditor's professional fees. | ☐ Yes<br>☒ No | Page __, ¶ __ |

Respectfully submitted,

SCHAFER AND WEINER, PLLC

/s/ John J. Stockdale, Jr.
JOSEPH K. GREKIN (P52165)
JOHN J. STOCKDALE, JR. (P71561)
Proposed Attorneys for Debtor
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340
jstockdale@schaferandweiner.com

Dated: June 23, 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 11-57408

**SMALL PLATES DETROIT, LLC**  In Proceedings Under
Chapter 11

Debtor

_____/  Hon. Thomas J. Tucker

## DEBTOR'S FIRST DAY MOTION FOR ENTRY
## OF AN ORDER AUTHORIZING THE DEBTOR TO USE
## CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

Small Plates Detroit, LLC ("Debtor") for its First Day Motion for Entry of an Order Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection (the "Motion"), by and through its proposed counsel, Schafer and Weiner, PLLC, states as follows:

### INTRODUCTION

1. Through this Motion, the Debtor respectfully requests that the Court schedule a hearing on this Motion as soon as possible in no event later than Thursday, June 30, 2011 on the First Day Motions (the "First Day Hearing").

### GENERAL ALLEGATIONS

2. On June 23, 2011 (the "Petition Date"), the Debtor filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code (the "Code").

3. The Debtor is currently operating as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Code. Todd I. Stern is the responsible person for the debtor-in-possession.

4. No official committee of creditors holding unsecured claims has been appointed in this case.

5. The Debtor files this Motion pursuant to Fed. R. Bankr. P. 4001(b) and L.B.R. 4001-2(a) (E.D.M.).

6. This Court has jurisdiction over the matters relating to this Motion pursuant to 28 U.S.C. §1334(a) and E.D. Mich. LR 150.1(a). This is a core matter pursuant to 28 U.S.C. §157(b)(2)(M).

### BACKGROUND AND HISTORY

7. The Debtor began operations in 2002 and has operated a fine dining restaurant and catering business located in Detroit, Michigan since that time. *See* Declaration of Todd Stern in Support of Debtor's Chapter 11 Petition and First Day Pleadings (the "Stern Declaration").

8. The majority of the Debtor's value arises from its ongoing operations, and its ability to continue operating its dining and catering business. *See* Stern Declaration.

9. On the Petition Date, the Debtor assets consisted of the following:

    a. Inventory valued at approximately $9,332.27;
    b. Accounts receivable valued at approximately $1,139.00; and
    c. Cash of approximately $4,760.11.

### NATURE OF DEBT

10. Before the Petition Date, the Debtor entered into a business loan agreement, evidenced by a promissory note, as may have been amended from time to time, (the "DDA Note") in favor of Department of Economic Growth Corporation, as successor to City of Detroit Downtown Development Authority, (the "DDA"). Pursuant to the DDA Note, the Debtor borrowed $100,000.00 from DDA in 2002 for working capital and capital improvements. *See* Stern Declaration.

11. The Debtor also entered into a business loan agreement, evidenced by a promissory note, as may have been amended from time to time, (the "Chase Note") in favor of JP Morgan Chase Bank, N.A. ("Chase") Pursuant to the Chase Note, the Debtor borrowed $308,300 in 2002 from Chase for working capital. *See* Stern Declaration.

12. Repayment of the DDA Note and the Chase Note is secured by liens upon all of the Debtor's inventory, chattel paper, accounts, equipment and general intangibles (collectively, the "Collateral"), as more fully described in the loan agreement(s) and other related documents executed by DDA and/or Chase, as applicable, and the Debtor (collectively and together with the DDA Note and the Chase Note, the "Loan Documents").

13. When the Collateral is collected, liquidated or otherwise reduced to cash, the proceeds will constitute cash collateral (the "Cash Collateral"), as defined in section 363(a) of the Code, pursuant to the Loan Documents.

14. Upon information and belief, DDA claims that approximately $5,000 is currently owed under the DDA Note and Chase claims that $78,086 (plus attorneys' fees) is owed under the Chase Note.

15. DDA will, upon information and belief, assert that it has a first priority security interest in all of the Debtor's Cash Collateral, and Chase will assert a second priority security interest in all of the Debtor's Cash Collateral.

16. Additionally, the Internal Revenue Service (the "IRS") and the State of Michigan (the "State") may assert an interest in Debtor's Cash Collateral. The IRS claims to be owed approximately $229,248.00, and the State claims to be owed approximately $176,812.00. Each has filed a tax lien against the Debtor's accounts.

{00314254.2}                                3

11-57408-pjs    Doc 7    Filed 06/23/11    Entered 06/23/11 14:34:56    Page 6 of 15

17. Nothing in the Motion may be construed as an admission with respect to liability for any indebtedness, nor should anything within the Motion be construed as an admission with respect to the extent, status, validity and/or enforceability of any lien against any of the Debtor's assets.

### REQUEST FOR USE OF CASH COLLATERAL

18. The Debtor has obtained an offer to sell the business provided that the State of Michigan approves the transfer of its liquor license and this Court approves a sale of the business assets free and clear of all liens, claims, and encumbrances. *See* Stern Declaration.

19. In connection with the sale, the Debtor has entered into a management agreement with the potential purchaser. Based on the Debtor's past operations and the purchaser's experience, the Debtor believes that it will operate on a break-even basis post-petition. Together the Purchaser and the Debtor have prepared the budget attached as Exhibit B (the "Budget").

20. The Debtor will thereby be able to provide its secured creditors with adequate protection through its continuing operations and through the replacement liens. *See, e.g.,* Matter of Pursuit Athletic Footwear, Inc., 193 B.R. 713 (Bankr. D. Del. 1996).[1]

21. In order to avoid immediate and irreparable harm to the Debtor and the Debtor's estate, the Debtor must use Cash Collateral in an amount not to exceed $74,562.88 to pay the immediate operating expenses of the Debtor's business for the 30 days following the Petition Date, as set forth in the Budget. *See also* Stern Declaration.

---

[1] In Pursuit Athletic Footwear, the Court found that credible projections of post-petition operating profits provided the secured creditor with adequate protection. 193 B.R. at 717-718.

{00314254.2}   4

## ADEQUATE PROTECTION AND DISTRIBUTIONS

22. The Debtor will only use the Cash Collateral to pay wages, salaries, other immediate fees and expenses as may be necessary to continue Debtor's operations, and to comply with all Chapter 11 requirements, including statutory fees payable to the United States Trustee.

23. The Debtor's proposed use of Cash Collateral will provide adequate protection to the secured creditors by increasing the value of the business for the benefit of the secured creditors.

24. Additionally, as adequate protection for the secured interests that DDA and Chase may claim in the Cash Collateral of the Debtor, and to the extent that the Debtor uses such Cash Collateral and does not replace same, Debtor offers replacement liens in all types and descriptions of collateral which may have secured the DDA and Chase Notes or other secured pre-petition liabilities (or any other pre-petition documents involving other creditors with an interest in Cash Collateral), which are created, acquired or arise after the Petition Date. [2]

25. On the basis of the adequate protection submitted above, the Debtor submits that it should be granted authority to use Cash Collateral.

26. As part of its request to use Cash Collateral, the Debtor is requesting that this Court allow it to escrow, on a monthly basis, $5,000.00 into the client trust account of its proposed counsel to pay the professional fees of legal counsel and financial advisors employed by the Debtor in connection with the Bankruptcy proceeding to the extent the fees are allowed by this Court (the "Professional Fees"). [3]

---

[2] To the extent that this Court determines that any other creditor has an interest in Cash Collateral, Debtors will offer that creditor substantially the same treatment offered in this Motion. The priority of replacement liens provided to such creditor, if any, shall remain consistent with the priority of the lien held by that creditor prior to the Petition Date.

[3] The Debtor has contemporaneously with the filing of this Motion filed an Application to Employ Schafer and Weiner, PLLC as Counsel for the Debtor.

{00314254.2}                                5

27. The Debtor submits that the Professional Fees will remain in the property of the estate, until such time that the fees for such professionals are allowed and the Professional Fees are disbursed. The purpose of this escrow account is to establish a monthly payment plan such that if, and when, fees for the Debtor's professionals are allowed, the Debtor will have already set aside out of the Debtor's Cash Collateral sums that may be used to pay these administrative obligations.

## CONCLUSION

28. The Debtor contends that without authority to use cash collateral, it will suffer irreparable harm that would be detrimental to the interests of the estates and to all the creditors. Without the use of cash collateral, the Debtor could not continue operations, could not continue to sell or repair its inventory to its customers, and could not meet its administrative expense obligations incurred during this Chapter 11 case. *See* Stern Declaration.

29. The entry of an order authorizing Debtor's use of cash collateral and granting adequate protection will minimize disruption of the Debtor's business and will maximize the value of the Debtor's assets for the benefit of all creditors, and is, therefore, in the best interests of the estate and its creditors.

## NOTICE

30. Notice of this First Day Motion will be given to (a) the United States Trustee for the Eastern District of Michigan, (b) identified secured creditors, and (c) the Debtor's twenty largest unsecured creditors. In light of the nature of the relief requested, the Debtor submits that no further notice is required.

31. No previous motion for the requested relief has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests this Honorable Court enter the proposed Order attached as Exhibit A:

    a. Authorizing the Debtor to use cash collateral,
    b. Granting the adequate protection requested in this Motion; and
    c. Granting such further relief as is just and equitable to Debtor and the estate.

Respectfully submitted,

SCHAFER AND WEINER, PLLC

/s/ John J. Stockdale, Jr.
JOSEPH K. GREKIN (P52165)
JOHN J. STOCKDALE, JR. (P71561)
Attorneys for Debtor
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340
jstockdale@schaferandweiner.com

Dated: June 23, 2011


EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:              Case No. 11-57408

**SMALL PLATES DETROIT, LLC**     In Proceedings Under
Chapter 11

       Debtor

_____/     Hon. Thomas J. Tucker

### ORDER GRANTING DEBTOR'S FIRST DAY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

Upon consideration of the Debtor's First Day Motion for Entry of an Order Authoring the Debtor to Use Cash Collateral and Granting Adequate Protection (the "Motion"); and upon consideration of the Declaration of Todd Stern in Support of the Debtor's Chapter 11 Petition and First Day Motions (the "Stern Declaration"); and the Court having jurisdiction pursuant to sections 157 and 1334 of title 28 of the United States Code to consider the Motion and the relief requested therein; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and this matter being a core proceeding within the meaning of section 157 of title 28 of the United States Code; and the Court having determined that the relief sought in the Motion is in the best interest of the Debtor, its creditors, and all parties-in-interest; and the Court having heard the sufficient evidence and statements of counsel regarding the Motion and having determined that the legal and factual bases set forth in the Motion and attested to in the Stern Declaration establish just cause for the relief granted herein, therefore;

{00314296.2}           1

**THE COURT HEREBY FINDS:**

A. On June 23, 2011, (the "<u>Petition Date</u>"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtor has continued in possession of its assets and has continued to operate its business as a debtor-in-possession pursuant to sections 1107(A) and 1108 of the Bankruptcy Code, and no Official Committee of Unsecured Creditors having been formed.

B. The Debtor requires the use of the Cash Collateral for the maintenance and preservation of its assets, and for the operation of its business and the payment of business expenses in the ordinary course.

C. The relief provided herein is necessary, essential and appropriate for the continued operation of the Debtor's business and the management and preservation of its assets, and is otherwise necessary to avoid immediate and irreparable harm to the Debtor and its estate pending a final hearing on the Motion.

D. The Debtor provided notice of the initial hearing on the Motion by serving notice in accordance with Local Rule 9013-1 (E.D. Mich.). The notice provided is appropriate, adequate and proper under the circumstances of this case in accordance with Fed. R. Bankr. P. 4001(b) and Local Rule 4001-2 (E.D. Mich.).

In light of the foregoing, **IT IS HEREBY ORDERED** that:

1. The Motion is Granted.

2. All capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

3. The Debtor is authorized to use Cash Collateral and grant adequate protection in accordance with the terms of the Motion.

4. The amount of Cash Collateral necessary for the Debtor to use to avoid immediate and irreparable harm before the date of the final hearing or the date this Order becomes a final order in the absence of a timely objection and final hearing is $74,562.88 and the Debtor's authorized use of Cash Collateral is limited to that amount prior to the entry of a final order authorizing the Debtor to use Cash Collateral or the time this Order becomes a final order, as the case may be.

5. DDA, Chase and any other secured creditors that may claim an interest in the Cash Collateral of the Debtor, to the extent that the Debtor uses such Cash Collateral and does not replace it, are hereby granted replacement liens in all types and descriptions of collateral that were secured by the applicable pre-petition loan documents, which are created, acquired, or arise after the Petition Date.

6. DDA, Chase and any other secured creditors consent to and authorize the Debtor to provide any entity providing the Debtor with debtor-in-possession financing with a superiority lien pursuant to section 364 of the Bankruptcy Code, subject to bankruptcy court approval.

7. The Debtor shall, within twenty-four (24) hours following the entry of this order, serve copies of this order and the Debtor's motion for entry of this order with all attachments on the 20 largest unsecured creditors, all secured creditors, any committee formed in this case, the United States Trustee's Office, and all other parties who are required to be served under Fed. R. Bankr. P. 4001(d).

8. All parties seeking to object to this Order must file a written objection within fourteen (14) days after the entry of this Order, except that an official committee may file objections within fourteen (14) days after the official committee is served with the entered Order.

If an objection is timely filed, the final hearing on this Order will be held before the Honorable _____, United States Bankruptcy Judge, in courtroom _____, located at 211 West Fort Street, Detroit, Michigan, on June_____, 2011 at _____ _____.m. If no timely objection is filed, then this Order will become a final order without a further hearing, and the Debtor will be authorized to spend for those expenses referenced in the Motion, as well as any other expenses necessary for operating the business in the ordinary course going forward.

9. The Debtor's authority to use Cash Collateral shall continue until otherwise ordered by this Court.

10. The Debtor is authorized to escrow Professional Fees, as more fully set forth in the Motion. The first escrow payment shall take place no later than July 1, 2011 and on the first of each month thereafter.


EXHIBIT B

| | |
|---|---:|
| Sales | $ 74,900.00 |
| | |
| Costs | |
| Food | 16,352.00 |
| Beverage | 7,776.00 |
| Gross Wages | 28,594.00 |
| Sales Tax | 4,494.00 |
| P/R Taxes:FICA | 2,187.44 |
| P/R Taxes:FUTA | 228.75 |
| P/R Taxes:UIA | 1,401.11 |
| DTE Energy | 2,700.00 |
| Telephone/Cable | 470.33 |
| Legal | 5,000.00 |
| Auto | 509.75 |
| Cell Phone | 250.00 |
| Allied Waste | 575.00 |
| Ecolab - Dishwasher | 800.00  Lease and supplies |
| Ice Machince | 132.50 |
| Credit card fees | 2,000.00 |
| Parking | 400.00 |
| Accounting | 500.00 |
| Pest Control | 42.00 |
| City of Detroit | 150.00 |
| | |
| Total Costs | 74,562.88 |
| | |
| Net Profit | $    337.12 |