UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 11-57408

**SMALL PLATES DETROIT, LLC**   In Proceedings Under
Chapter 11
Debtor
_____/  Hon. Phillip J. Shefferly

### NOTICE AND OPPORTUNITY TO RESPOND TO DEBTOR'S MOTION TO SELL ASSETS PURSUANT TO 11 U.S.C. §363, FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES

**PLEASE TAKE NOTICE** that the Debtor has filed a Motion to Sell Assets Pursuant to 11 U.S.C. §363, Free and Clear of Liens, Claims, Interests, and Encumbrances (the "Motion"). The Motion is on file for public viewing at the Bankruptcy Court. In the Motion, Debtor seeks to sell assets free and clear of liens, claims, interests, and encumbrances.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant approval for the Debtor to sell assets free and clear of liens, claims, interests, and encumbrances, or if you want the court to consider your views on the Motion, pursuant to Fed. R. Bankr. P. 2002, within 21 days[1], you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:

United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, MI 48226

---

[1] Contemporaneously with the filing of the Motion, the Debtor filed its First Day Motion for Entry of an Order (a) Approving the Bidding Procedures and Certain Bid Protections in Connection Therewith, (b) Authorizing the Debtor to Select a Stalking Horse Bidder and hold an Auction, (c), Approving the form and manner of Notice of the Bidding Procedures and the Auction, and (d) Granting Related Relief (the "Bidding Procedures Motion") [Docket No. 9] which among other things, requested that the Court extend the deadline to file responses to the Motion until after the Auction (as defined in the Bidding Procedures Motion ) has been completed; Accordingly, the deadline to respond may be extended.

{00315039.1}   1

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

>You must also mail a copy to:
>John J. Stockdale, Esq.
>Schafer and Weiner, PLLC
>40950 Woodward Ave., Ste. 100
>Bloomfield Hills, MI 48304
>(248) 540-3340

2.    If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

>Respectfully Submitted,
>
>SCHAFER AND WEINER, PLLC
>
>By:   / s / John J. Stockdale
>JOSEPH K. GREKIN (P52165)
>JOHN J. STOCKDALE, JR. (P71561)
>Attorneys for Debtor
>40950 Woodward Ave., Ste. 100
>Bloomfield Hills, MI 48304
>(248) 540-3340
>jstockdale@schaferandweiner.com

Dated: June 23, 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 11-57408

**SMALL PLATES DETROIT, LLC**  In Proceedings Under
Chapter 11
       Debtor

_____/  Hon. Phillip J. Shefferly

**DEBTOR'S MOTION TO SELL ASSETS PURSUANT TO 11 U.S.C. § 363,
FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES**

Small Plates Detroit, LLC ("Debtor") for its Motion to Sell Assets pursuant to 11 U.S.C. § 363, Free and Clear of Liens, Claims, Interests, and Encumbrances (the "Motion"), by and through its proposed counsel, Schafer and Weiner, PLLC, states as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested in this Motion are sections 105(a) and 363 of the title 11 of the United States Code (the "Bankruptcy Code"), and Federal Rules of Bankruptcy Procedure (the "Rules") 2002, 6004 and 9019.

### GENERAL BACKGROUND AND HISTORY

4. On June 23, 2011 (the "Petition Date"), the Debtor filed its Voluntary Petition under Chapter 11 of the Bankruptcy Code.

5. The Debtor is currently operating as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. Todd Stern is the responsible person for the debtor-in-possession.

6. No official committee of unsecured creditors holding unsecured claims has been appointed in this case.

7. The Debtor was established in 2001 and operates a fine dining and catering business in Detroit, Michigan.

8. The Department of Economic Growth (the "DEGC") asserts a first priority security interest in the Debtor's assets, and claims to be owed approximately $5,000.

9. JP Morgan Chase Bank, N.A. ("Chase") assets a second priority security interest in the Debtor's assets, and claims to be owed more than $78,086 plus attorneys fees.

10. The Internal Revenue Service ("IRS") and the State of Michigan (the "State") assert third and fourth position security interests in the Debtor's assets in amounts of approximately $229,248 and approximately $176,812, respectively.

11. Additionally, the City of Detroit is owed approximately $7,200 for unpaid personal property taxes, which takes a first position place ahead of the DEGC pursuant to MCL § 211.40.

12. In order to maximize the value of the Debtor's assets, the Debtor has been marketing its assets to third parties for more than one year. *See* Declaration of Todd Stern in Support of Debtor's Chapter 11 Petition and First Day Pleadings (the "Stern Declaration"), which has been filed concurrently with this Motion.

13. As of the date this Motion was filed, the only offer for the Debtor's assets is from Small Plates Detroit, LLC,[1] a Delaware limited liability company, (the "Stalking Horse Bidder") for $134,000.00 ("Purchase Price"), which is contigent upon a number of items including, without limitation, (1) enter of an order by this Court approving the sale to the Stalking Horse Bidder free and clear of all liens, claims and encumbrances and (2) approval of the transfer of the Debtor's liquor license Commission to the Stalking Horse Bidder by the Michigan Liquor Control.

### A. The Proposed Bidding Procedures

14. The Debtor anticipates an auction of substantially all of its assets to be held on July 29, 2011 (the "Auction").

15. The Debtor has contemporaneously filed its First Day Motion for Entry of an Order (a) Approving the Bidding Procedures and Certain Bid Protections in Connection Therewith, (b) Authorizing the Debtor to Select a Stalking Horse Bidder and Hold an Auction, (c) Approving the Form and Manner of Notice of the Bidding Procedures and the Auction, and (d) Granting Related Relief (the "Bidding Procedures Motion").

16. If the Bidding Procedures Motion is approved, the Stalking Horse Bidder will be stalking horse bidder and absent higher and better Qualifying Bids, as defined in the Bidding Procedures Motion, the Debtor's assets will be sold to the Stalking Horse Bidder.

### RELIEF REQUESTED

17. Through this Motion, the Debtor requests that the Court enter an order (1) authorizing the sale of the assets to the successful auction bidder, free and clear of all liens,

---

[1] The Stalking Horse Bidder is not affiliated with the Debtor or an Insider of the Debtor. Upon information and belief, it selected its name based on the assumption that it would be successful purchaser of the Debtor's assets.

claims, interests, and encumbrances, with such liens, claims, interest, and encumbrances transferring to the proceeds of the sale; and (2) granting such other relief as is just and equitable.

### BASIS FOR SALE

18. The Debtor has determined that the sale of the assets to the successful auction bidder will enable the Debtor to obtain the highest and best offer for the assets and is in the best interest of the Debtor, its estate and creditors.

19. Section 363(b)(1) of the Bankruptcy Code provides in part that "[t]he trustee, after notice and a hearing, may .. sell . . . , other than in the ordinary course of business, property of the estate . . . ." A court has the statutory authority to authorize a debtor to sell property of the estate pursuant to section 363(b)(1) of the Bankruptcy Code when such sale is an exercise of the debtor's sound business judgment and when the sale of the property is proposed in good faith. Stephens Indus., Inc. v. McClung, 789 F.2d 386, 390 (6th Cir. 1986) (adopting the "sound business purpose" standard for sales proposed pursuant to section 363(b)(1)); In re Delaware & Hudson Ry. Co., 124 B.R. 169, 176 (D. Del. 1991); In re Lionel Corp., 722 F.2d 1063, 1070 (2d Cir. 1983); *see also* Fulton State Bank v. Schipper, 933 F.2d 513, 515 (7th Cir. 1991) (a debtor's decision must be supported by "some articulated business justification"); In re Montgomery Ward Holding Corp., 242 B.R. 147, 153 (D. Del. 1999); In re Ernst Home Center, Inc., 209 B.R. 974, 979 (Bankr. W.D. Wash. 1997).

20. Under section 363(b), a debtor has the burden to establish that it has a valid business purpose for using estate property outside the ordinary course of business. *See* Lionel, 722 F.2d at 1070-1071. Once the debtor has articulated such a valid business purpose, a presumption arises that the debtor's decision was made on an informed basis, in good faith and in an honest belief that the action was in the debtor's best interests. *See* In re Integrated Resources, Inc., 147

B.R. 650, 656 (S.D. N.Y. 1992). A party seeking to challenge the debtor's valid business purpose must "produce some evidence supporting its objections." Montgomery Ward, 242 B.R. at 155.

21. Courts have made clear that a debtor's business judgment is entitled to substantial deference with respect to the procedures to be used in selling assets from the estate. *See, e.g.,* Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.), 181 F.3d 527, 535-37 (3d Cir. 1999) (detailing situations where bidding incentives are appropriate in bankruptcy because they provide a benefit to the estate); In re Edwards, 228 B.R. 552, [561 (Bankr. E.D. Pa. 1998) ("The purpose of procedural bidding orders is to facilitate an open and fair public sale designed to maximize value for the estate."); In re After Six, Inc., 154 B.R. 876, 881 (Bankr. E.D. Pa. 1993) (noting that courts should defer to debtor's business judgment with respect to bidding on assets).

22. The paramount goal in any proposed sale of estate property is to maximize the proceeds received by the debtor's estate. *See, e.g.,* In re Food Barn Stores, Inc., 107 F.3d 558, 564-565 (8th Cir. 1997) (in bankruptcy sales, "a primary objective of the [Bankruptcy] Code [is] to enhance the value of the estate at hand."); Integrated Resources, 147 B.R. at 696 ("It is a well-established principle of bankruptcy law that the . . . [debtor's] duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate.") (quoting In re Atlanta Packaging Prods., Inc., 99 B.R. 124, 130 (Bankr. N.D. Ga. 1988).

23. The Debtor has proposed the sale of its assets after thorough consideration of the viable alternatives and embarking on an auction process. The Debtor has concluded that such sale is supported by a number of sound business reasons, including that this offer is the result of a competitive auction process and it is for fair value.

{00314354.2}                                  5

11-57408-pjs    Doc 13    Filed 06/23/11    Entered 06/23/11 16:24:57    Page 7 of 16

24. The Debtor also believes that the value of the consideration to be received in the sale is fair and reasonable. The sale maximizes the value of the assets through a sale of the assets as a going concern. The Debtor submits that the sale constitutes the highest and best offer for the asset and will provide a greater recovery for the Debtor's estate than would be provided if the Debtor's assets were liquidated and sold piecemeal.

25. Accordingly, the Debtor's decision sell the assets is a valid and sound exercise of its business judgment.

### A. The Sale Satisfies the Requirements of Section 363(f) of the Bankruptcy Code for a Sale Free and Clear of Liens, Claims, Interests and Encumbrances

26. This Court has authority to authorize the sale of the assets free and clear of all liens, claims, interests, and encumbrances, with liens transferred to proceeds. 11 U.S.C. § 363(f). Under section 363(f) of the Bankruptcy Code, a debtor-in-possession may sell property free and clear of any non-Debtor's interest in such property if, among other things: (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceedings, to accept a money satisfaction of such interest. 11 U.S.C. § 363(f). Satisfaction of one of the requirements of section 363(f) of the Bankruptcy Code will provide the basis for approval of a sale. *See* In re Wolverine Radio Co., 930 F.3d 14132, 1147 n. 24 (6th Cir. 1991) (section 363(f) is written in the disjunctive and the court may approve a sale "free and clear" if one of the subsections is met).

27. The Debtor believes that one or more of the tests of section 363(f) are satisfied with respect to the sale of the assets. In particular, the Debtor believes that at least section 363(f)(2) will be met in connection with the sale because each of the parties holding

{00314354.2}  6

liens, claims, interests or encumbrances, if any, will consent to the sale or absent any objections be deemed to have consented to the sale.

28. Alternatively, any lienholder will be adequately protected by having its liens, claims, interests, and encumbrances, if any, will attach to the sale proceeds received by the Debtor for the sale of the assets to the successful auction bidder in the same order or priority and with the same validity, force and effect that such creditor had prior to such sale, subject to any claims and defenses that the Debtor and its estate may possess with respect thereto.

29. Section 363(f) of the Bankruptcy Code is satisfied in such instance because all of the holders of liens, claims, interests, and encumbrances could be compelled to accept a money satisfaction of their respective interests in legal or equitable proceedings in accordance with section 363(f)(5) of the Bankruptcy Code. Such legal or equitable proceedings include proceedings to confirm a plan of reorganization, under which the holder of a lien may be compelled to accept payment in satisfaction of its lien pursuant to section 1129(b)(2)(a) of the Bankruptcy Code. In re KC Machine & Tool Co., 816 F.2d 238 (E.D. Mich. 1987); In re Levitt & Sons, LLC, 384 B.R. 630 (Bankr. S.D. Fla. 2008). Accordingly section 363(f) authorizes the sale of the assets free and clear of any liens, claims, interests and encumbrances.

**B. The Successful Auction Bidder is a Good Faith Purchaser and is Entitled to the Full Protection of Section 363(m) of the Bankruptcy Code, and the Transfer and Sale of the Assets Does Not Violate Section 363(n).**

30. Under section 363(m) of the Bankruptcy Code, the reversal or modification on appeal of an authorization of the sale of property pursuant to section 363 does not affect the validity of such sale to an entity that purchased the property in good faith. 11 U.S.C. § 363(m). As the proposed sale has been negotiated at arm's-length and in good faith, the successful auction bidder is entitled to the full protections of section 363(m). A party would

have to show fraud or collusion between the buyer and the debtor-in-possession or trustee or other bidders in order to demonstrate a lack of good faith. *See* Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.), 111 F.3d 269, 276 (2d Cir. 1997) ("[t]ypically, the misconduct that would destroy a [buyer]'s good faith status at a judicial sale involves fraud, collusion between the [buyer] and oither bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders"). *See also* In re Anglika Films, 57th, Inc., 1997 WL 283412, *7 (S.D. N.Y. 1997); In re Bakalis, 220 B.R. 525, 537 (Bankr. E.D. N.Y. 1998).

31.  The Debtor has engaged in thorough arm's length negotiations over the terms of the sale, and there has been no fraud or collusion in those negotiations or the auction process.

32.  Further, the transaction contemplated by the sale does not constitute an avoidable transaction under section 363(n). Section 363(n) permits a debtor-in-possession to avoid a sale "if the sale price was controlled by agreement among potential bidders at such sale." No party to the negotiations of the sale, including the Debtor, believes that there is any indication of collusion among potential bidders in the instant circumstances. Accordingly the successful auction bidder should receive the protections afforded a good faith purchaser under section 363(m).

### C. Cause Exists to Modify the Stay Imposed by Bankruptcy Rule 6004(g).

33.  Rule 6004(g) provides that "an order authorizing sale . . . of property . . . is stayed until expiration of 10 days after entry of the order, unless the court orders otherwise." F.R.B.P. 6004(g). The Debtor requests that the proposed sale be permitted to conclude immediately following entry of any order of this Court approving the sale. In particular, the transaction is the highest and best offer received. Additionally, assuring that the sale closes

promptly, it will maximize value to be distributed. Therefore, the Debtor believes that "cause" exists for modification of the time periods set forth in Rule 6004(g) and 6006(d).

### NOTICE

34. This Motion was served on (1) counsel for the secured lenders, (2) the United States Trustee, (3) the taxing authorities; and (4) all parties requesting service through the Court's ECF system. All other parties-in-interest were served a notice of the Motion. The Debtors submit that this notice complies with Local Rule 6004-1(b), and no further notice need be given.

### NO PRIOR NOTICE

35. No prior motion for the relief requested herein has been made to this or any other Court.

### CONCLUSION

**WHEREFORE**, the Debtor respectfully requests this Honorable Court enter the proposed Order attached as Exhibit A, authorizing the Debtor to sell the Debtor's assets to the successful auction bidder or Stalking Horse Bidder, as applicable, free and clear of all liens, claims, interests and encumbrances, and grant such other relief as may be just and appropriate.

Respectfully submitted,

SCHAFER AND WEINER, PLLC

/s/ John J. Stockdale, Jr.
JOSEPH K. GREKIN (P52165)
JOHN J. STOCKDALE, JR. (P71561)
Attorneys for Debtor
40950 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
(248) 540-3340
jstockdale@schaferandweiner.com

Dated: June 23, 2011



UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 11-57408 |
| **SMALL PLATES DETROIT, LLC** | In Proceedings Under Chapter 11 |
| Debtor _____/ | Hon. Phillip J. Shefferly |

### ORDER GRANTING DEBTOR'S MOTION TO SELL ASSETS PURSUANT TO 11 U.S.C. § 363, FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES

Upon the motion (the "Motion") of the above-captioned Debtor ("Seller") to sell assets pursuant to 11 U.S.C. § 363, free and clear of liens, claims, encumbrances and other interests, with liens to transfer to proceeds, and waiving the stay imposed by Bankruptcy Rule 6004(g); and granting certain other related relief; it appearing that the relief requested is in the best interest of the Debtor's estate, its creditors and other parties in interest; it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157; it appearing that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; it appearing that notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY FOUND AND CONCLUDED THAT:**

    A.    The Debtor's efforts to sell the business were sufficient under the circumstances. The Debtor's held an auction of its assets on July 29, 2011, pursuant to the Bidding Procedures Order [Docket No. ___], and _____ was the Winning Bidder (as defined in the Bidding Procedures Motion [Docket No. ___])

{00314961.1}                       1

B.  Good and sufficient reasons for approval of the sale to the Winning Bidder have been articulated, and the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and all other parties-in-interest. The Debtor has demonstrated both: (a) good, sufficient and sound business purposes and justification; and (b) compelling circumstances for the sale other than in the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code.

C.  The Winning Bidder is a good faith purchaser under Section 363(m) of the Bankruptcy Code and, as such, is entitled to all the protections afforded thereby.

D.  The consideration provided by the Winning Bidder: (a) is fair and reasonable; (b) is the highest and best offer for the Debtor's assets; (c) will provide a greater recovery for the Debtor's estate than would be provided by any other practical, available alternative; and (d) constitutes reasonably equivalent value and fair consideration for the Asset.

E.  The form and manner of notice of the Auction of the Debtor's asset were appropriate in all respects.

F.  "Cause" exists to waive and modify the stay of the Sale authorized by this Order imposed by Bankruptcy Rule 6004(g),

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted in its entirety.

2. The sale of the Debtor's assets to the Winning Bidder, and the transactions contemplated thereby are approved.

3. Subject to the occurrence or waiver of all of all contingencies, if any, by the applicable party, the Debtor is authorized and directed to sell its assets to the Winning Bidder free and clear of all liens, claims, encumbrances and other interests pursuant to section 363(f) of the Bankruptcy Code, with all such liens, claims, encumbrances and other interests attaching only to the sale proceeds in the same validity, extent and priority as immediately prior to the transaction, subject to any rights, claims and defenses of the Debtor and other parties in interest.

4.  The transfer of the Debtor's assets to the Winning Bidder shall be, and hereby is deemed to be, a legal, valid and effective transfer of the assets, and vests with or will vest in the Winning Bidder all right, title and interest of the Debtor in its assets, free and clear of liens, mortgages, security interests, conditional sales or other title retention agreements, pledges, claims, judgments, demands and encumbrances, including, without limitation, claims and encumbrances that purport to give to any party a right or option to effect any forfeiture, modification or termination of the Debtor's or the Winning Bidder's interests in the Debtor's assets, (collectively, the "Liens") with all such Liens attaching only to the sale proceeds in the same validity, extent and priority as immediately prior to the transaction, subject to any rights, claims and defenses of the Debtor and other parties-in-interest.

5.  Any objections to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby denied and overruled on the merits with prejudice.

6.  The Debtor is authorized and directed to (a) execute, deliver, perform under, consummate and implement the sale, collectively with all additional instruments and documents that may be reasonably necessary or desirable to implement the sale, and (b) take all further actions as may be requested by the Winning Bidder for the purpose of transferring the Debtor's assets to the Winning Bidder or as may be necessary or appropriate to the performance of the obligations contemplated by the Sale.

7.  This Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Debtor's assets or a bill of sale transferring good and marketable title in the Debtor's assets to the Winning Bidder. Each and every federal, state and local governmental agency or department is hereby directed to accept

any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Sale.

8. This Order: (a) is and shall be effective as a determination that all interests and claims of any kind or nature whatsoever existing as to the Debtor's assets prior to the closing have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected; and (b) shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of its office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Debtor's assets.

9. Upon the entry of this Order, the Winning Bidder shall be entitled to protection under section 363(m) of the Bankruptcy Code. The transactions contemplated are undertaken by the Winning Bidder in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale shall not affect the validity of the sale to the Winning Bidder, unless such authorization is duly stayed pending such appeal.

10. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order, and of any agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to: (a) resolve any disputes arising under or related to the Sale, except as otherwise provided therein; and (b) interpret, implement and enforce the provisions of this Order.

{00314961.1}                                                           4

11-57408-pjs    Doc 13    Filed 06/23/11    Entered 06/23/11 16:24:57    Page 15 of 16

11. Debtor's creditors are authorized and directed on or before the closing to execute such documents and take all other actions as may be necessary to release their interests in or claims against the Debtor's assets, if any, as such interests or claims may have been recorded or otherwise exist.

12. All of the provisions of this Order are nonseverable and mutually dependent.

13. Notwithstanding the provisions of Fed. R. Bankr. P. 6004(g) and Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall not be stayed for ten (10) days after the entry hereof, but shall be effective and enforceable immediately upon entry hereof.

14. This Order shall be binding upon and inure to the benefit of any successors or assigns of the Debtor and the Winning Bidder, including any trustee appointed in any of the Debtor's bankruptcy cases for any of the Debtor's bankruptcy estates, whether appointed under chapter 11 or in a subsequent case under chapter 7 of the Bankruptcy Code, or any examiner hereafter appointed for any of the Debtor's bankruptcy estates.

15. At the closing, a sufficient sum shall be escrowed for United States Trustee Fees and the balance of the proceeds shall be held in the client trust account of Debtor's counsel pending further Court Order.