UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 11-57408

**SMALL PLATES DETROIT, LLC**  In Proceedings Under
Chapter 11
Debtor
_____/  Hon. Phillip J. Shefferly

**STIPULATION TO ENTRY OF
ORDER GRANTING DEBTOR'S FIRST DAY MOTION FOR
ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO USE
CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

Small Plates Detroit, LLC (the "Debtor"), by and through its counsel, Schafer and Weiner, PLLC, and creditor, JPMorgan Chase Bank, NA by and through its counsel, Jonathan T. Walton, stipulate and agree to the entry of the attached Order Granting Debtor's First Day Motion for Entry of an Order Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection.

SCHAFER AND WEINER PLLC          WALTON & DONNELLY PC

By: / s / John J. Stockdale, Jr.          By: / s / Jonathan T. Walton
JOHN J. STOCKDALE, JR. (P71561)          JONATHAN T. WALTON (P32969)
Counsel for Debtor          Counsel for JPMorgan Chase Bank, NA
40950 Woodward, Suite 100          535 Griswold St Ste 1550
Bloomfield Hills, MI          Detroit, MI 48226
(248) 540-3340          313- 963-8989
jstockdale@schaferandweiner.com          jonathan.walton@waltondonnelly.com

Dated: June 28, 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 11-57408

**SMALL PLATES DETROIT, LLC**  In Proceedings Under
Chapter 11

Debtor

_____/  Hon. Phillip J. Shefferly

ORDER GRANTING DEBTOR'S FIRST DAY MOTION FOR
ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO USE
CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

Upon consideration of the Debtor's First Day Motion for Entry of an Order Authoring the Debtor to Use Cash Collateral and Granting Adequate Protection (the "Motion"); and upon consideration of the Declaration of Todd Stern in Support of the Debtor's Chapter 11 Petition and First Day Motions (the "Stern Declaration"); and the Court having jurisdiction pursuant to sections 157 and 1334 of title 28 of the United States Code to consider the Motion and the relief requested therein; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and this matter being a core proceeding within the meaning of section 157 of title 28 of the United States Code; and the Court having determined that the relief sought in the Motion is in the best interest of the Debtor, its creditors, and all parties-in-interest; and the Court having heard the sufficient evidence and statements of counsel regarding the Motion and having determined that the legal and factual bases set forth in the Motion and attested to in the Stern Declaration establish just cause for the relief granted herein, therefore;

{00314296.3}  1

**THE COURT HEREBY FINDS:**

A.　On June 23, 2011, (the "<u>Petition Date</u>"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtor has continued in possession of its assets and has continued to operate its business as a debtor-in-possession pursuant to sections 1107(A) and 1108 of the Bankruptcy Code, and no Official Committee of Unsecured Creditors having been formed.

B.　The Debtor requires the use of the Cash Collateral for the maintenance and preservation of its assets, and for the operation of its business and the payment of business expenses in the ordinary course.

C.　The relief provided herein is necessary, essential and appropriate for the continued operation of the Debtor's business and the management and preservation of its assets, and is otherwise necessary to avoid immediate and irreparable harm to the Debtor and its estate pending a final hearing on the Motion.

D.　The Debtor provided notice of the initial hearing on the Motion by serving notice in accordance with Local Rule 9013-1 (E.D. Mich.). The notice provided is appropriate, adequate and proper under the circumstances of this case in accordance with Fed. R. Bankr. P. 4001(b) and Local Rule 4001-2 (E.D. Mich.).

In light of the foregoing, **IT IS HEREBY ORDERED** that:

1.　The Motion is Granted.

2.　All capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

3. The Debtor is authorized to use Cash Collateral and grant adequate protection in accordance with the terms of the Motion.

4. The amount of Cash Collateral necessary for the Debtor to use to avoid immediate and irreparable harm before the date of the final hearing or the date this Order becomes a final order in the absence of a timely objection and final hearing is $74,562.88 and the Debtor's authorized use of Cash Collateral is limited to that amount prior to the entry of a final order authorizing the Debtor to use Cash Collateral or the time this Order becomes a final order, as the case may be.

5. DDA, Chase and any other secured creditors that may claim an interest in the Cash Collateral of the Debtor, to the extent that the Debtor uses such Cash Collateral and does not replace it, are hereby granted replacement liens in all types and descriptions of collateral that were secured by the applicable pre-petition loan documents, which are created, acquired, or arise after the Petition Date.

6. The Debtor shall, within twenty-four (24) hours following the entry of this order, serve copies of this order and the Debtor's motion for entry of this order with all attachments on the 20 largest unsecured creditors, all secured creditors, any committee formed in this case, the United States Trustee's Office, and all other parties who are required to be served under Fed. R. Bankr. P. 4001(d).

7. All parties seeking to object to this Order must file a written objection within fourteen (14) days after the entry of this Order, except that an official committee may file objections within fourteen (14) days after the official committee is served with the entered Order. If an objection is timely filed, the final hearing on this Order will be held before the Honorable Phillip J. Shefferly, United States Bankruptcy Judge, in courtroom 1975, located at 211 West

Fort Street, Detroit, Michigan, on August 5, 2011 at 11:00 a.m. If no timely objection is filed, then this Order will become a final order without a further hearing, and the Debtor will be authorized to spend for those expenses referenced in the Motion, as well as any other expenses necessary for operating the business in the ordinary course going forward.

8. The Debtor's authority to use Cash Collateral shall continue until otherwise ordered by this Court.

9. The Debtor is authorized to escrow Professional Fees, as more fully set forth in the Motion. The first escrow payment shall take place no later than July 1, 2011 and on the first of each month thereafter.

10. The Debtor shall provide proof of insurance to the Bank within 5 days of the entry of this Order, and the Debtor may use cash collateral to keep such insurance in place provided that the amount used to keep such insurance in place does not exceed any budgeted surplus of cash collateral.