**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:                                            Case No. 11-57408

**SMALL PLATES DETROIT, LLC**         In Proceedings Under
                                                       Chapter 11

              Debtor

_____/        Hon.  Phillip J. Shefferly

### ORDER GRANTING DEBTOR'S FIRST DAY MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE BIDDING PROCEDURES AND CERTAIN BID PROTECTIONS IN CONNECTION THEREWITH; (B) AUTHORIZING THE DEBTOR TO SELECT A STALKING HORSE BIDDER AND HOLD AN AUCTION, (C) APPROVING THE FORM AND MANNER OF NOTICE OF THE BIDDING PROCEDURES AND THE AUCTION, (D) SCHEDULING HEARING, AND (E) <u>GRANTING RELATED RELIEF</u>

Upon the above-captioned Debtor's First Day Motion for Entry of an Order (a) Approving the Bidding Procedures and Certain Bid Protections in Connection therewith, (b) Authorizing the Debtor to Select the Stalking Horse Bidder as the Stalking Horse Bidder and hold an Auction, (c), Approving the form and manner of Notice of the Bidding Procedures and the Auction, and (d) Granting Related Relief (the "<u>Motion</u>"),[1] all as more fully described in the Motion; and the Court having jurisdiction pursuant to sections 157 and 1334 of title 28 of the United States Code to consider the Motion and the relief requested therein; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its creditors, and all parties-in-interest; and the Court having heard the evidence and statements of counsel regarding the Motion and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion

**THE COURT HEREBY FINDS THAT**:[2]

A.     The Debtor has articulated good and sufficient reasons for the Court to grant the relief requested in the Motion regarding the auction process, including, without limitation, (i) approval of the Bidding Procedures and, under the circumstances described herein, the Break Up Fee, (ii) authorizing the selection of the Stalking Horse Bidder as the stalking horse bidder and to hold an Auction, and (iii) approval and authorization to serve the Auction Notice.

B.     The Break-up Fee to be paid under the circumstances described herein to the Stalking Horse Bidder is (i) commensurate to the real and substantial benefit that will be conferred upon the Debtor's creditors by the Stalking Horse Bidder; (ii) reasonable and appropriate, in light of the size and nature of the proposed sale transaction and comparable transactions, the commitments that may be made, and the efforts that may and must be expended by the Stalking Horse Bidder; and (iv) necessary to induce a Stalking Horse Bidder to come forward, pursue, and be bound by the Stalking Horse Asset Purchase Agreement.

C.     The Break Up Fee also will induce the Stalking Horse Bidder to submit a bid that will serve as a minimum floor bid on which the Debtor, its creditors, and other bidders may rely.  The Stalking Horse Bidder will provide a material benefit to the Debtor and its creditors by increasing the likelihood that the best possible price for substantially all of the Debtor's assets will be received.  Accordingly, the Bidding Procedures and the Break Up Fee are reasonable, appropriate, and necessary for maximizing value for the benefit of the Debtor's estate.

---

[2] The finding and conclusion set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any conclusions of law constitute findings of fact, they are adopted as such.

D. The Auction Notice and Publication Notice (attached to the Motion as Exhibits C and D, respectively) are reasonably calculated to provide all interested parties with timely and proper notice of the Auction.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The portion of the Motion seeking entry of an Order (a) approving the Bidding Procedures and certain bid protections in connection therewith, including the Break-Up Fee and Initial Minimum Overbid; (b) authorizing the Debtor to hold an Auction and select the Stalking Horse Bidder as the stalking horse bidder; (c) approving the form and manner of notice of the Bidding Procedures and the Auction is granted in its entirety.

2. The Bidding Procedures, substantially in the form of Exhibit B to the Motion, are approved. The Debtor is authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

3. The failure to specifically include or reference any particular provision, section, or article of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such procedure, it being the intent of this Court that the Bidding Procedures be authorized and approved in their entirety.

4. All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced by the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled except as otherwise set forth herein.

5. The Auction Notice and Publication Notice substantially in the form of Exhibit C and D to the Motion, are hereby approved.

6.      The Auction Notice, substantially in the form attached as Exhibit C to the Motion, shall be served upon the Notice Parties no later than three (3) business days after entry of this Order.

7.      No later than three (3) business days after entry of this Order, the Debtor shall publish the Publication Notice, substantially in the form of Exhibit 3 to the Motion, in the Detroit Legal News and in such other publications as the Debtor and its advisors determine will promote the marketing and sale of the Debtor's assets.

8.      As further described in the Bidding Procedures, the Debtor shall conduct the Auction on or before July 31, 2011, if one or more Qualifying Bid (as defined in the Bidding Procedures) is received on or before July 26, 2011, at 5:00 p.m. E.S.T.

9.      The Bid Protections are approved and enforceable.

10.     The rights of the Stalking Horse Bidder to the Bid Protections shall survive rejection, breach, or termination of the Stalking Horse Asset Purchase Agreement, if later approved by this Court, and shall be unaffected thereby.

11.     No person or entity, other than the Stalking Horse Bidder, shall be entitled to any expense reimbursement, break-up fees, "topping," termination, or other similar fee or payment.

12.     Any person wishing to submit an offer or higher or better offer for all or substantially all of the Debtor's assets must do so in accordance with the terms of the Bidding Procedures.

13.     The Stalking Horse Bidder shall constitute a Qualified Bidder (as defined in the Bidding Procedures) for all purposes and in all respects with regard to the Auction and the Bidding Procedures.

14.     The Initial Minimum Overbid is and other overbid protections, as more fully described in the Bidding Procedures, approved and enforceable in accordance with the terms of the Bidding Procedures

15.     The Court shall hold a hearing on the Sale Motion, and said hearing will be held before the Honorable Phillip J. Shefferly,  United States Bankruptcy Judge, in courtroom 1975, located at 211 West Fort Street, Detroit, Michigan, on **August 5, 2011 at 11:00 a.m**.    All parties seeking to object to the Sale Motion must file a written objection which must be received by Debtor's counsel on or before August 1, 2011 at 5:00 p.m. Eastern Standard Time.

16.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

17.     This Order shall be binding upon and inure to the benefit of the Stalking Horse Bidder and its affiliates, successors and assigns and the Debtors, including any chapter 7 or 11 trustee or other fiduciary appointed for the Debtor's estate, whether in this case, a subsequent bankruptcy case, or upon dismissal of this case or any subsequent bankruptcy case.

18.     The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

19.     The Debtor is authorized and empowered to take such steps, expend such sums of money, and do such other things as may be necessary to implement and effect the terms and requirements established in this Order.

20.     The requirement set forth in Local Rule 9014-1(a) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

21.     Notwithstanding the possible applicability of Bankruptcy Rules 6004,

6006, 7062, and 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

22.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

.

**Signed on June 28, 2011**

                              **/s/ Phillip J. Shefferly**
                              **Phillip J. Shefferly**
                              **United States Bankruptcy Judge**