UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 11-57408

**SMALL PLATES DETROIT, LLC**  In Proceedings Under
Chapter 11
     Debtor

_____/  Hon. Phillip J. Shefferly

### ORDER GRANTING DEBTOR'S MOTION TO SELL ASSETS PURSUANT TO 11 U.S.C. § 363, FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES

Upon the motion (the "Motion") of the above-captioned Debtor ("Seller") to sell assets pursuant to 11 U.S.C. § 363, free and clear of liens, claims, encumbrances and other interests, with liens to transfer to proceeds, and waiving the stay imposed by Bankruptcy Rule 6004(g); and granting certain other related relief; it appearing that the relief requested is in the best interest of the Debtor's estate, its creditors and other parties in interest; it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157; it appearing that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; it appearing that notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefore, **IT IS HEREBY FOUND AND CONCLUDED THAT:**

    A.    The Debtor's efforts to sell the business were sufficient under the circumstances. The Debtor's held an auction of its assets on July 29, 2011, pursuant to the Bidding Procedures Order [Docket No. 22], and Small Plates Detroit, LLC, a Delaware limited liability company, was the Winning Bidder (as defined in the Bidding Procedures Motion [Docket No. 9]).

B. Good and sufficient reasons for approval of the sale to the Winning Bidder have been articulated, and the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and all other parties-in-interest. The Debtor has demonstrated both: (a) good, sufficient and sound business purposes and justification; and (b) compelling circumstances for the sale other than in the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code.

C. The Winning Bidder is a good faith purchaser under Section 363(m) of the Bankruptcy Code and, as such, is entitled to all the protections afforded thereby.

D. The consideration provided by the Winning Bidder: (a) is fair and reasonable; (b) is the highest and best offer for the Debtor's assets; (c) will provide a greater recovery for the Debtor's estate than would be provided by any other practical, available alternative; and (d) constitutes reasonably equivalent value and fair consideration for the Asset.

E. The form and manner of notice of the Auction of the Debtor's asset were appropriate in all respects.

F. "Cause" exists to waive and modify the stay of the Sale authorized by this Order imposed by Bankruptcy Rule 6004(g),

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. The Motion is granted in its entirety.

2. The sale of the Debtor's assets to the Winning Bidder, and the transactions contemplated thereby are approved.

3. Subject to the occurrence or waiver of all of all contingencies, if any, by the applicable party, the Debtor is authorized and directed to sell its assets to the Winning Bidder free and clear of all liens, claims, encumbrances and other interests pursuant to section 363(f) of the Bankruptcy Code, with all such liens, claims, encumbrances and other interests attaching

only to the sale proceeds in the same validity, extent and priority as immediately prior to the transaction, subject to any rights, claims and defenses of the Debtor and other parties in interest.

4. The transfer of the Debtor's assets to the Winning Bidder shall be, and hereby is deemed to be, a legal, valid and effective transfer of the assets, and vests with or will vest in the Winning Bidder all right, title and interest of the Debtor in its assets, free and clear of liens, mortgages, security interests, conditional sales or other title retention agreements, pledges, claims, judgments, demands and encumbrances, including, without limitation, claims and encumbrances that purport to give to any party a right or option to effect any forfeiture, modification or termination of the Debtor's or the Winning Bidder's interests in the Debtor's assets, (collectively, the "Liens") with all such Liens attaching only to the sale proceeds in the same validity, extent and priority as immediately prior to the transaction, subject to any rights, claims and defenses of the Debtor and other parties-in-interest.

5. Any objections to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby denied and overruled on the merits with prejudice.

6. The Debtor is authorized and directed to (a) execute, deliver, perform under, consummate and implement the sale, collectively with all additional instruments and documents that may be reasonably necessary or desirable to implement the sale, and (b) take all further actions as may be requested by the Winning Bidder for the purpose of transferring the Debtor's assets to the Winning Bidder or as may be necessary or appropriate to the performance of the obligations contemplated by the Sale.

7. This Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Debtor's assets or a bill of sale transferring good and marketable title in the Debtor's assets to the Winning Bidder. Each and

every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Sale.

8. This Order: (a) is and shall be effective as a determination that all interests and claims of any kind or nature whatsoever existing as to the Debtor's assets prior to the closing have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected; and (b) shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of its office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Debtor's assets.

9. Upon the entry of this Order, the Winning Bidder shall be entitled to protection under section 363(m) of the Bankruptcy Code. The transactions contemplated are undertaken by the Winning Bidder in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale shall not affect the validity of the sale to the Winning Bidder, unless such authorization is duly stayed pending such appeal.

10. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order, and of any agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to: (a) resolve any disputes arising under or related to the Sale, except as otherwise provided therein; and (b) interpret, implement and enforce the provisions of this Order.

{00319451.1}

4

11-57408-pjs    Doc 52    Filed 08/05/11    Entered 08/05/11 15:18:12    Page 4 of 5

11. Debtor's creditors are authorized and directed on or before the closing to execute such documents and take all other actions as may be necessary to release their interests in, or claims against the Debtor's assets, if any, as such interests or claims may have been recorded or otherwise exist.

12. All of the provisions of this Order are non-severable and mutually dependent.

13. Notwithstanding the provisions of Fed. R. Bankr. P. 6004(g) and Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall not be stayed for ten (10) days after the entry hereof, but shall be effective and enforceable immediately upon entry hereof.

14. This Order shall be binding upon and inure to the benefit of any successors or assigns of the Debtor and the Winning Bidder, including any trustee appointed in any of the Debtor's bankruptcy cases for any of the Debtor's bankruptcy estates, whether appointed under chapter 11 or in a subsequent case under chapter 7 of the Bankruptcy Code, or any examiner hereafter appointed for any of the Debtor's bankruptcy estates.

15. At the closing, a sufficient sum shall be escrowed for United States Trustee Fees and the balance of the proceeds shall be held in the client trust account of Debtor's counsel pending further Court Order.

.

**Signed on August 05, 2011**

                                            **/s/ Phillip J. Shefferly**
                                            **Phillip J. Shefferly**
                                            **United States Bankruptcy Judge**